**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | C.A. No. 14-126-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RACKSPACE US INC. ET AL., <br><br> Defendants. | C.A. No. 14-342-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC., ET AL., <br><br> Defendants. | C.A. No. 14-399-LPS |

1

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br>       Plaintiff, <br><br>   v. <br><br> MCAFEE, INC., <br><br>       Defendant. | C.A. No. 14-400-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br>       Plaintiff, <br><br>   v. <br><br> VERIZON COMMUNICATONS INC., <br><br>       Defendant. | C.A. No. 14-401-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, <br><br>       Plaintiff, <br><br>   v. <br><br> EXTREME NETWORKS, INC., AND ENTERASYS NETWORKS, INC., <br><br>       Defendants. | C.A. No. 14-431-LPS |

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>FLUKE ELECTRONICS CORPORATION,<br><br>                Defendant. | C.A. No. 14-432-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>TREND MICRO INCORPORATED and TREND MICRO AMERICA, INC.,<br><br>                Defendants. | C.A. No. 14-435-LPS |
| SELENE COMMUNICATION TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>BARRACUDA NETWORKS, INC.,<br><br>                Defendant. | C.A. No. 14-533-LPS |

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 14-536-LPS |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 14-1013-LPS |
| DELL INC., | |
| Defendant. | |
| SELENE COMMUNICATION TECHNOLOGIES, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 14-1014-LPS |
| EMC CORPORATION ET AL., | |
| Defendants. | |

SELENE COMMUNICATION
TECHNOLOGIES, LLC,

       Plaintiff,

  v.

HEWLETT-PACKARD COMPANY,

       Defendant.

C.A. No. 14-1015-LPS

## SCHEDULING ORDER

This ___day of _____, 201_, the court having conducted a Case Management

Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http:/www.ded.uscourts.gov; *see* Chambers, Judge Leonard P. Stark, Patent Cases) on August

15, 2014, and the parties having determined after discussion that the matter cannot be resolved at

this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within twenty (20) days of the date of this Order.  If

they have not already done so, the parties are to review the Court's Default Standard for

Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at

which is posted at http:/www.ded.uscourts.gov; *see* other Resources, Default Standards for

Discovery, and is incorporated herein by reference).

2.    Joinder of Other Parties and Amendment of Pleadings.  Except with regard to

inequitable conduct, all motions to join other parties, and to amend or supplement the pleadings,

shall be filed on or before **December 3, 2014**. All motions to add inequitable conduct allegations shall be filed on or before **July 1, 2015**.

3.    Application to Court for Protective Order.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty (20) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provision of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    Papers Filed Under Seal.   In accordance with the Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript

highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work clearly defined and serious injury to the party seeking redaction.

5.       <u>Courtesy Copies</u>.  Other than with respect to "discovery matters," which are governed by paragraph 8(g) , and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6.       <u>ADR Process</u>.   This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolutions.

7.       <u>Disclosures</u>.   Absent agreement among the parties, and approval of the Court:

a.       By **August 25, 2014,** Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) and asserted claim(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

b.       By **November 13, 2014** Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

      c.     By **January 15, 2015** Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      d.     By **February 27, 2015**, Defendants shall produce initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      e.     By **thirty (30) days** after the Court's Claim Construction Order, Plaintiff shall provide final infringement contentions.

      f.     By **fifty (50) days** after the Court's Claim Construction Order, Defendants shall provide final invalidity contentions.

    8.    <u>Discovery</u>.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      a.     <u>Fact Discovery Cut Off</u>.   Discovery in this case shall be initiated so that it will be completed on or before **fifty (50) days** after the Court's Claim Construction Order.

      b.     <u>Document Production</u>.   Document production shall be substantially complete by **April 30, 2015.**

      c.     <u>Expert Discovery</u>.   Expert discovery in this case shall be initiated so that it will be completed on or before **February 2, 2016**.

      d.     <u>Requests for Admission</u>.   Plaintiff is permitted **thirty-five (35)** requests for admission separately on each Defendant.  Defendants are permitted twenty (20) common requests for admission, and each Defendant may serve up to **twenty-five (25)** specific requests for admission on Plaintiff.  There shall be no limit on the number of requests for admission that Plaintiff and each Defendant may serve solely to authentication of documents and things.  The parties shall meet and confer in good faith prior to serving any requests for admission directed

solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

     e.    <u>Interrogatories</u>.

          i.    A maximum of **fifteen (15)** common interrogatories, including contention interrogatories, are permitted for each side.  A maximum of **fifteen (15)** individual interrogatories are permitted for each party.

         ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

     f.    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery</u>.   Limitations on hours for deposition discovery shall be addressed by the parties in their Interim Status Report.

         ii.    <u>Location of Depositions</u>.  Depositions will take place where the witness is located or another mutually agreeable location.

     g.    <u>Disclosure of Expert Testimony</u>.

          i.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure

of expert testimony is due on or before **sixty (60) days** after the
Court's Claim Construction Order. The supplemental disclosure
to contradict or rebut evidence on the same matter identified by
another party is due on or before **ninety (90) days** after the
Court's Claim Construction Order.  No other expert reports will
be permitted without either the consent of all parties or leave of
the Court.  Along with the submissions of the expert reports, the
parties shall advise of the dates and times of their experts'
availability for deposition.

ii.   Expert Declaration In Connection With Motions Briefing.  The
parties agree they will permit expert declarations to be filed in
connection with motions briefing (including case-dispositive
motions).  The parties also agree that, after service of expert
reports, no expert declaration to be filed in connection with
motions briefing (including case-dispositive motions) shall contain
any expert declaration/statement/opinion not disclosed previously
by that respective expert in his/her expert report timely served
pursuant to paragraph 8(g)(i) of this Scheduling Order or as may
be permitted by the Federal Rules of Civil Procedure or pursuant to
Court order.

iii.   Objections to Expert Testimony.  To the extent any objection to
expert testimony is made pursuant to the principles announced in
*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as

10

incorporated in Federal Rule of Evidence 702, it shall be made by
motion no later than the deadline for dispositive motions set forth
herein, unless otherwise ordered by the Court.  Briefing on such
motions is subject to the page limits set out in connection with
briefing of case dispositive motions.

h.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

   i.    Any discovery motion filed without first complying with the
         following procedures will be denied without prejudice to renew
         pursuant to these procedures.

   ii.   Should counsel find, after good faith efforts — including ***verbal***
         communication among Delaware and Lead Counsel for all parties
         to the dispute — that they are unable to resolve a discovery matter
         or a dispute relating to a protective order, the parties involved in
         the discovery matter or protective order dispute shall submit a joint
         letter in substantially the following form:

Dear Judge Stark:

   The parties in the above- referenced matter write to request
the scheduling of a discovery teleconference.

   The following attorneys, including at least one Delaware
Counsel and at least one Lead Counsel per party, participated in a
verbal meet-and-confer (in person and/or by telephone) on the
following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

  iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

  iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

  v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9. <u>Motions to Amend</u>.

  a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

       b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

       c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    10.    <u>Motions to Strike</u>.

       a.     Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

       b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

       c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

    11.    <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and should not be used for argument.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each

party may comment, in writing (in no more than five (5) pages,n the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

      12.    <u>Claim Construction Issue Identification</u>.  On **March 12, 2015**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **April 2, 2015**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

      13.    <u>Claim Construction Briefing</u>.  The parties shall contemporaneously submit initial briefs on claim construction issues on **May 7, 2015**.  Each Defendant may address issues not common to all Defendants in additional short initial briefs of no more than five (5) pages.  The parties' answering/responsive briefs shall be contemporaneously submitted on **June 9, 2015**.  Plaintiff may file a short brief of no more than five (5) pages responsive to each short initial brief.  No reply briefs or supplemental papers on claim construction shall be submitted without

leave of the Court.  Except as stated in this paragraph with respect to short briefs, Local Rule

7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

14.     Hearing on Claim Construction.  On **June 29, 2015** at 9 a.m., the Court will hear

argument on claim construction.  The parties shall notify the Court, by joint letter submission, no

later than the date on which their answering claim construction briefs are due: (i) whether they

request leave to present testimony at the hearing; and (ii) the amount of time they are requesting

be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other

orders of the Court, the parties should anticipate that the Court will issue its claim construction

order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is

unable to meet this goal, it will advise the parties no later than sixty (60) days after the

conclusion of the claim construction hearing.

15.     Interim Status Report.  On **March 13, 2015**, counsel shall submit a joint letter to

the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status

conference.

16.     Supplementation.  Absent agreement among the parties, and approval of the

Court, no later than the service of Plaintiff's final infringement contentions and Defendants' final

invalidity contentions, the parties must finally supplement, *inter alia*, the identification of all

accused products and of all invalidity references upon a showing of good cause due to a claim

construction by the court that was not expected by the party seeking supplementation.

17.     Case Dispositive Motions.  All case dispositive motions, an opening brief, and

affidavits, if any, in support of the motion shall be served and filed on or before **March 1, 2016**

after the close of all discovery.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

a.  No early motions without leave.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

b.  Page limits combined with Daubert motion page limits. Each *SIDE* is permitted to file as many case dispositive motions on issues common to multiple parties, e.g. validity, as desired; provided, however, that each *SIDE* will be limited, exclusive of exhibits, to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event a party wishes to file a party-specific case dispositive motion, e.g. a non-infringement motion that implicates client confidential business information, then, exclusive of exhibits, that party may submit an opening brief limited to 20 pages, the party opposing that motion may submit an answering brief limited to 20 pages, and the movant may submit a reply brief limited to 10 pages.  In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased, exclusive of exhibits, by an additional 10 pages for all opening briefs, an additional 10 pages for all answering briefs, and an additional 5 pages for all reply briefs for each **SIDE**[1].

---

[1] Subject to the party-specific briefing provisions stated herein, the parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50+50+25 regarding one side's motions, and 50+50+25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

        c.    <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and Daubert motions on **April 26, 2016** beginning at 9 am.  Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

        18.    <u>Applications by Motion</u>.   Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        19.    <u>Trial Sequencing Conference</u>.   On **May 27, 2016**, the Court will hold a teleconference at 1:30 p.m. to discuss the sequence in which the above-captioned cases shall be scheduled for trial.  The parties shall file a joint proposed statement setting forth their positions regarding trial sequencing and scheduling no later than forty-eight (48) hours before the conference.

        20.    <u>Pretrial Conference</u>.   On **July 29, 2016**, the Court will hold a pretrial conference in Court with counsel beginning at 9 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order — Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **July 18, 2016**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

        The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order — Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a.       <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 1/2 to 6 1/2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.       <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c.       <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d.       their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

21.       <u>Motions *in Limine*</u>.   Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be

18

supported by a maximum of three (3) pages of argument and may be opposed by a maximum of

three (3) pages of argument, and the side making the *in limine* request may add a maximum of

one (1) additional page in reply in support of its request.  If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three (3)

page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise

permitted by the Court.

22.     Jury Instructions, Voir Dire, and Special Verdict Forms.   Where a case is to be

tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three

(3) business days before the final pretrial conference.  This submission shall be accompanied by

a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft

Word format, which may be submitted by e-mail to Judge Stark's staff.

23.     Trial.   These matters are scheduled for a ten (10) day jury trial, in accordance

with the order of trials determined at the Trial Sequencing Conference (*see supra* ¶ 19),

beginning at 9:30 a.m. on **August 8, 2016**, with the subsequent trial days beginning at 9:30 a.m.

until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30

p.m. Each trial will be timed, as counsel will be allocated a total number of hours in which to

present their respective cases.

24.     Judgment on Verdict and Post-Trial Status Report.   Within seven (7) days after a

jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order

to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report,

indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25.    <u>Post-Trial Motions</u>.  Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE